Ryan J. Daneshrad, Esq. (SBN 309643)
*E-mail: ryan@lacenturylaw.com*
Taryn Jacobson, Esq. (SBN 339808)
*E-mail: taryn@lacenturylaw.com*
Michelle Dor, Esq. (SBN 362092)
*E-mail: michelled@lacenturylaw.com*
LA CENTURY LAW
1880 Century Park East, Suite 1101
Los Angeles, CA 90067
Telephone: (310) 893-0553
Facsimile: (310) 893-0554
E-Service: litigation@lacenturylaw.com

Counsel for Plaintiff, JORGE ALBERTO TORRES III

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE ALBERTO TORRES III,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; YADIRA VALADEZ-GARCIA; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 2:26-cv-04228<br><br>**COMPLAINT FOR DAMAGES UNDER FEDERAL TORT CLAIMS ACT**<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

This action arises from a preventable collision caused by a United States Postal Service ("USPS") mail carrier who, while operating a federal vehicle in the course and scope of her employment, executed an illegal left turn without yielding to oncoming traffic, slamming into the vehicle of Plaintiff JORGE ALBERTO TORRES III at a controlled intersection in Pomona, California on June 21, 2024. The California Highway Patrol investigated the crash and determined that the USPS driver violated California Vehicle Code § 21801(a) by failing to yield the right-of-way to Plaintiff's vehicle, which was lawfully proceeding through the intersection on a green traffic signal. This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 et seq., which waives the sovereign immunity of the United States and renders it liable for the tortious conduct of its employees acting within the scope of their federal employment.

## PRELIMINARY STATEMENT

1. Plaintiff JORGE ALBERTO TORRES III brings this action against Defendants UNITED STATES OF AMERICA; YADIRA VALADEZ-GARCIA and DOES 1 to 50, Inclusive, under the Federal Tort Claims Act.
2. Plaintiff's action is for personal injury as a result of a post office truck versus automobile collision caused by the negligent or wrongful act or omission of Defendant's employee, YADIRA VALADEZ-GARCIA, while acting within the course and scope of her office or employment with the United States Postal Service under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of California, the place where the accident occurred, under 28 U.S.C. § 1346(b). Plaintiff has exhausted his administrative claims, as Plaintiff filed the required claim forms with Defendant and Defendant failed to make a final disposition within six (6) months, as set forth in 28 U.S.C. § 2675(a).
3. Plaintiff alleges on personal knowledge as to all facts known to him, and on information and belief as to all other facts, as follows:

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(b), which grants the federal district courts exclusive original jurisdiction over civil actions against the United States for money damages arising from personal injury caused by the negligent or wrongful act or omission of any government employee while acting within the scope of his or her office or employment.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1402(b) because the acts and omissions giving rise to Plaintiff's claims occurred in the County of Los Angeles, State of California, which lies within the Central District of California, Western Division.

6. The amount in controversy exceeds $75,000, exclusive of interest and costs.

**PARTIES**

7. Plaintiff JORGE ALBERTO TORRES III ("Plaintiff" or "Torres") is an individual who is, and at all relevant times was, a resident of the City of Pomona, County of Los Angeles, State of California.

8. Defendant UNITED STATES OF AMERICA ("United States") is a sovereign entity amenable to suit under the FTCA. At all times relevant herein, the United States acted through its agency, the United States Postal Service ("USPS"), and through USPS' employees, agents, and representatives, including Defendant Valadez-Garcia.

9. Defendant YADIRA VALADEZ-GARCIA ("Valadez-Garcia") is an individual who, at all times relevant herein, was employed by USPS and was acting within the course and scope of her federal employment as a letter carrier. On information and belief, Valadez-Garcia is a resident of the County of Los Angeles, State of California. Plaintiff names Valadez-Garcia individually pending such certification and to the extent any acts or omissions are determined to fall outside the scope of her federal employment.

10. Plaintiff is unaware of the true names and capacities of Defendants sued as DOES 1 through 50, inclusive, and sues them by such fictitious names. Plaintiff will amend this Complaint to state their true names and capacities upon ascertainment. Plaintiff is informed and believes,

and thereon alleges, that each DOE Defendant bears responsibility for the events and injuries alleged herein.

11. At all times relevant herein, each Defendant acted as the agent, servant, and employee of each other Defendant and, in doing the acts alleged herein, was acting within the course and scope of that agency and employment, and each Defendant has ratified and approved the conduct of the others.

## ADMINISTRATIVE PREREQUISITES UNDER THE FTCA

12. Plaintiff has exhausted all administrative remedies as required by 28 U.S.C. § 2675(a). Plaintiff timely presented an administrative tort claim to the United States Postal Service. That claim has been finally denied in writing by the agency, or, alternatively, more than six months have elapsed from the date of presentment without final action by USPS, thereby vesting this Court with jurisdiction under 28 U.S.C. § 2675(a). *See Exhibit A* (Administrative Claim as filed.) The incident giving rise to this action occurred on June 21, 2024. Plaintiff timely presented an administrative claim (Standard Form 95) to the United States Postal Service within the two-year statutory period.

13. This action is timely filed within six months of the date of mailing of any notice of final denial, or within the limitations period applicable under 28 U.S.C. § 2401(b). All conditions precedent to this action have been performed or have occurred.

14. On March 3, 2025, July 30, 2025, and September 15, 2025, United States Postal Service sent an acknowledgment letter that Plaintiff's claim was received. *See Exhibit B* (Acknowledgment of Claim). As of the date of this filing, there has been no rejection issued by the Federal agency.

## FACTUAL ALLEGATIONS

15. On June 21, 2024, Plaintiff was lawfully operating his 2008 Toyota RAV4, (California License Plate 9BEN833), traveling southbound on Indian Hill Boulevard in Pomona, California.

16. At all times relevant herein, Defendant Valadez-Garcia was operating a 1994 Grumman LLV mail vehicle (California License Plate 4312636) owned by the United States Postal Service. The USPS vehicle was registered to and maintained by the United States Postal Service at 580

West Monterey Avenue, Pomona, California 91769. Valadez-Garcia was operating the USPS mail vehicle within the course and scope of her employment as a USPS letter carrier.

17. USPS is a self-insured entity of the United States Government. At all times relevant, Valadez-Garcia operated the subject vehicle with the knowledge, consent, and authorization of USPS, in furtherance of USPS's mail delivery operations.

18. Plaintiff Torres was traveling southbound in the number two lane on Indian Hill Boulevard. The traffic control signal governing southbound traffic on Indian Hill Boulevard displayed green, granting Plaintiff the right-of-way to proceed through the intersection.

19. A vehicle immediately ahead of Plaintiff Torres in the number two lane of southbound Indian Hill Boulevard had stopped at the green traffic signal, apparently intending to turn westbound onto Lincoln Avenue. Plaintiff Torres exercised reasonable care, merged into the number one lane of southbound Indian Hill Boulevard, and proceeded to pass the stopped vehicle and continue through the intersection.

20. Defendant Valadez-Garcia was positioned facing north on Indian Hill Boulevard in the designated left-turn lane, awaiting the opportunity to execute a left turn westbound onto Lincoln Avenue. By her own admission to CHP investigators, Valadez-Garcia observed the traffic signal turn yellow and saw the opposing truck begin to slow down. Rather than confirming that all opposing lanes were clear of oncoming traffic, she initiated her left turn at approximately 15 miles per hour. *See Exhibit C* (Traffic Collision Report No. 24-054293).

21. Defendant Valadez-Garcia failed to observe Plaintiff Torres' vehicle, which was lawfully proceeding southbound through the intersection in the adjacent number one lane with the right-of-way. Valadez-Garcia executed her left turn directly into the path of Plaintiff Torres' oncoming vehicle, without yielding as required by law.

22. As a direct and proximate result of Valadez-Garcia's failure to yield, the front end of the USPS Grumman LLV mail vehicle violently collided with the front end of Plaintiff Torres' Toyota RAV4 within the intersection. The area of impact, as documented by the California Highway Patrol, was located approximately 13 feet south of the north curb line of Lincoln Avenue and 19 feet east of the west curb line of Indian Hill Boulevard.

23. The California Highway Patrol, Officer Lindley (Badge No. 43128), responded to and investigated the collision. The CHP determined that Defendant Valadez-Garcia was the party at fault, finding she caused the collision in violation of California Vehicle Code § 21801(a), the statutory duty to yield to opposing traffic when making a left turn. The CHP documented both the collision mechanics and party fault.

24. Plaintiff Torres at all times operated his vehicle in a lawful, reasonable, and prudent manner. Plaintiff had the right-of-way, a favorable green traffic signal, and was traveling at a lawful speed. Plaintiff bears no responsibility whatsoever for the collision.

25. As a direct and proximate result of the subject collision, Plaintiff Torres suffered physical injuries.

26. As a further direct and proximate result of Defendants' negligence, Plaintiff has incurred, and will continue to incur, economic damages including but not limited to: medical and healthcare expenses (past and future), loss of earnings and earning capacity (past and future), and other special damages in amounts to be established at trial.

27. As a further direct and proximate result of Defendants' negligence, Plaintiff has suffered and continues to suffer non-economic damages including but not limited to: physical pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, and other general damages in amounts to be established at trial.

## <u>FIRST CAUSE OF ACTION</u>

## NEGLIGENCE

**By Plaintiff Against All Defendants and DOES 1 Through 10**

28. Plaintiff realleges and incorporates herein every allegation contained above.

29. At all times relevant herein, Defendant Valadez-Garcia was an employee of USPS acting within the course and scope of her federal employment. The United States is therefore vicariously liable for her negligent acts and omissions under 28 U.S.C. § 2679 and the common law doctrine of respondeat superior as applied through the FTCA.

30. Defendant Valadez-Garcia owed Plaintiff, and all other users of the roadway, a duty of reasonable care in the operation of the USPS vehicle. This general duty is codified and

particularized by California Vehicle Code § 21801(a), which mandates that a driver intending to turn left "shall yield the right-of-way to all vehicles approaching from the opposite direction which are close enough to constitute a hazard at any time during the turning movement, and shall continue to yield the right-of-way to such approaching vehicles until the left turn or U-turn can be made with reasonable safety."

31. Defendant Valadez-Garcia breached her duty of care by, among other acts and omissions:

a. Failing to yield the right-of-way to Plaintiff Torres's vehicle before executing a left turn onto Lincoln Avenue, in violation of California Vehicle Code § 21801(a);

b. Initiating a left turn across the path of oncoming traffic without confirming that all opposing lanes were clear and safe;

c. Failing to maintain a proper lookout for all oncoming vehicles, including Plaintiff Torres, prior to and during the execution of the left turn;

d. Operating the subject USPS vehicle in a careless, reckless, and negligent manner under the prevailing conditions; and

e. Otherwise failing to exercise the degree of care that a reasonably prudent driver would exercise under the same or similar circumstances.

32. Defendant Valadez-Garcia's violation of California Vehicle Code § 21801(a), as determined and documented by the California Highway Patrol in CHP Traffic Collision Report No. 24-054293 (Exhibit C), constitutes negligence per se under California law.

33. Plaintiff Torres was at all times exercising reasonable and ordinary care in the operation of his vehicle. Plaintiff had the statutory right-of-way, was proceeding through the intersection in response to a green traffic signal, and was traveling at a safe and lawful speed. Plaintiff bears no responsibility for this collision.

34. Defendant United States, through USPS, knew or in the exercise of reasonable diligence should have known of deficiencies in Valadez-Garcia's training, competency, or driving practices that posed a foreseeable risk of harm to members of the public sharing the road with USPS vehicles.

35. As a direct and proximate result of Defendants' negligent hiring, training, supervision, and/or retention, Valadez-Garcia was permitted to operate a government mail vehicle on public roads without the requisite skill, knowledge, or supervision necessary to do so safely, directly and foreseeably resulting in the collision and Plaintiff's injuries and damages as alleged herein.

36. Defendant United States, through USPS, knew or in the exercise of reasonable diligence should have known of deficiencies in Valadez-Garcia's training, competency, or driving practices that posed a foreseeable risk of harm to members of the public sharing the road with USPS vehicles.

37. As a direct and proximate result of Defendants' negligence as alleged herein, Plaintiff Torres suffered injuries and damages in an amount to be proven at trial, which exceeds $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE ALBERTO TORRES III prays for judgment against Defendants, and each of them, jointly and severally, as follows:

A. For compensatory general damages for pain, suffering, emotional distress, and loss of enjoyment of life, in an amount to be proven at trial;
B. For compensatory special damages for past and future medical expenses, lost earnings and earning capacity, and property damage, in an amount to be proven at trial;
C. For prejudgment interest on all damages as permitted by applicable law;
D. For costs of suit herein; and
E. For such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff JORGE ALBERTO TORRES III hereby demands a trial by jury on all issues and claims so triable, pursuant to Federal Rule of Civil Procedure 38(b) and 28 U.S.C. § 2402.

DATED: April 21, 2026 LA CENTURY LAW

Ryan J. D

Ryan J. Daneshrad, Esq.,
Shantel Yaghoobian, Esq.
Counsel for Plaintiff

**EXHIBITS**

Exhibit A – Administrative Claim as filed (attached)

Exhibit B – Acknowledgment of Claim (attached)

Exhibit C — California Highway Patrol Traffic Collision Report No. 24-054293, dated June 21, 2024 (attached)

# EXHIBIT A
# (Plaintiff's Administrative Claim)

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

1. Submit to Appropriate Federal Agency:

Carina Caballes - Tort Claims/Collections Specialist
United States Postal Service
1720 Market Street, Room 2400
St. Louis, MO 63155

2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.

Jorge Torres
by Ryan Daneshrad, Esq. (Legal Representative)
LA Century Law
1880 Century Park East, Ste. 1101, Los Angeles, CA 90067

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 03/04/1995 | Single | 06/21/2024 Friday | 9:52 AM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Mr. Torres was driving south in the #2 lane on Indian Hill Blvd. in Pomona, CA. The vehicle ahead of Mr. Torres stopped abruptly. At the same time, a USPS truck faced north on Indian Hill Blvd., intending to turn west onto Lincoln Ave. Mr. Torres safely merged into the #1 lane to drive around the stopped vehicle. As he entered the intersection, the USPS driver turned west onto Lincoln Ave., colliding with the front left of Mr. Torres' vehicle. The USPS driver caused the collision in violation of CVC section 21801(a) (failure to yield to opposing traffic when turning left).

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Rosie Maria Aguirre, 1566 Elysian Avenue, Pomona, CA 91767

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

2008 Toyota Rav4 CA tag #9BEN833. Damage to front. Vehicle is located at claimant's home.

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Mr. Torres experienced dizziness and headaches, in addition to sustaining injuries to his chest, neck, mid back, low back, and legs. He received chiropractic treatment, underwent MRI scans, and was evaluated and treated by a pain management specialist. He is still symptomatic. See enclosed medical records and bills.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| None | N/A |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 6,800.00 | 125,000.00 | | 131,800.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Jorge Torres | 909-992-6219 | |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? [X] Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. [ ] No

State Farm Insurance
P.O. Box 106171, Atlanta, GA 30348
Policy # 694 3607-A12-75

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? [X] Yes [ ] No

Full coverage

17. If deductible, state amount.

0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

Acknowledged our representation of Mr. Torres, confirmed applicable coverage, and investigated the claim.

19. Do you carry public liability and property damage insurance? [ ] Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). [X] No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | PLEASE SIGN. |
| **File name** | Torres_-_Federal_Claim_Form.pdf |
| **Document ID** | ca979794f69cade98b2fd1908a4e40f5fbcd1cf1 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

| | | |
|---|---|---|
| SENT | **06 / 23 / 2025**<br>20:45:44 UTC | Sent for signature to Jorge Torres (torresjorge2834@yahoo.com) from info@lacenturylaw.com<br>IP: 138.97.141.17 |
| VIEWED | **06 / 26 / 2025**<br>18:54:15 UTC | Viewed by Jorge Torres (torresjorge2834@yahoo.com)<br>IP: 47.176.131.138 |
| SIGNED | **06 / 26 / 2025**<br>18:57:30 UTC | Signed by Jorge Torres (torresjorge2834@yahoo.com)<br>IP: 47.176.131.138 |
| COMPLETED | **06 / 26 / 2025**<br>18:57:30 UTC | The document has been completed. |

LA CENTURY LAW | TX CENTURY LAW

September 26, 2024

Tort Claims Coordinator United States Postal Service
7001 S. Central Ave., Rm 368
Los Angeles, CA 90052-9331

*Via U.S. Mail; Certified Mail; Return Receipt;*

2ND NOTIFICATION!!!

**NOTICE OF REPRESENTATION AND DEMAND FOR PRESERVATION DATA AND EVIDENCE**

| | | |
|---|---|---|
| Re: | Our Client: | Jorge Torres |
| | Your Driver: | Yadira Valdez-Garcia |
| | | United States Postal Service |
| | Date of Loss: | June 21, 2024 |

Dear Claims Representative:

Please be advised that this firm has been retained by the above-mentioned client in order to pursue a bodily injury and property damage claim, and therefore, pursuant to *Siciliano v. Fireman's Fund Ins. Co.*, 62 Cal. App. 3d, 745 (1976) and *Fedmart Corp. v. Pell Enterpris*es, 111 Cal. App. 3d, 215 (1980), we do maintain a lien on this matter.

Please be further advised that all payments made to any individual, or entity regarding this accident must bear our names as co-payee. This includes payments for possible property damage, loss of use of vehicle, medical reimbursement, or loss of income.

**Pursuant to California Insurance Code Section 2695.7 [Standards for Prompt Fair and Equitable Settlements Section (b)], upon receiving proof of claim, every insurer shall immediately, but in no event more than forty (40) calendar days later, accept or deny the claim in whole or in part, and affirm or deny liability.**

**Pursuant to Texas Insurance Code Section 542.056. [NOTICE OF ACCEPTANCE OR REJECTION OF CLAIM.] an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss. If the insurer rejects the claim, must state the reasons for the rejection. If the insurer is unable to accept or reject the claim within the period, the insurer, within that same period, shall notify the claimant of the reasons that the insurer needs additional time. The insurer shall accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection.**

Please provide us with **confirmation of the available coverage and limits under any applicable policies**. Please also provide us with copies of the declaration pages. Request is also made for color laser photocopies and/or digital copies of any and all photographs taken of the property damage in this collision and copy of the final repair estimates, as well as copies of any recorded statements previously obtained, including transcripts. **Please also advise us if you are willing to advance our clients'**

**costs and expenses in order to enable our client to mitigate damages.**

Please refrain from contacting our client and refer all documents and correspondences to the attention of the undersigned.

**DEMAND FOR DATA AND EVIDENCE**

We hereby formally request that you preserve *all* evidence in this case, and instruct your insured to do so also. Do not modify, alter or destroy any documents, images, recordings, or data that relates to this case. Do not permit anyone to modify, alter or destroy any such items. As the California Supreme Court has stated:

> "Destroying evidence can destroy fairness and justice, for it increases the risk of an erroneous decision on the merits of the underlying cause of action. Destroying evidence can also increase the costs of litigation as parties attempt to reconstruct the destroyed evidence or to develop other evidence, which may be less accessible, less persuasive, or both." (*Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 8.)

Please be advised that your failure to preserve the items will result in extremely unfavorable consequences to you. Indeed, be advised that we intend to seek remedies against you if you allow crucial evidence in this case to be modified, altered or destroyed. For instance, chief among these is the evidentiary inference that evidence which one party has destroyed or rendered unavailable was unfavorable to that party. *Id*. at 11; Evidence Code § 413. As presently set forth in Evidence Code § 413, this inference is as follows: "In determining what inferences to draw from the evidence or facts in the case against a party, the trier of fact may consider, among other things, the party's ... willful suppression of evidence relating thereto...."

California Civil Jury Instruction (CACI) No. 204 "Willful Suppression of Evidence" include an instruction on this inference as well, which states as follows:

> You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you **may decide that the evidence would have been unfavorable to that party**. (CACI No. 204; *see also* *Cedars-Sinai Medical Center*, supra, 18 Cal.4th at 12.

In addition to the evidentiary inference, our discovery laws provide a broad range of sanctions for conduct that amounts to a "[misuse] of the discovery process." (Civ. Proc. Code § 2023). Destroying evidence in response to a discovery request after litigation has commenced would surely be a misuse of discovery within the meaning of Civ. Proc. Code § 2023, **as would such destruction in anticipation of a discovery request.** (*Cedars-Sinai Medical Center*, supra, 18 Cal.4th at 12 (Emphasis added)). The sanctions under Civ. Proc. Code § 2023 are significant and include monetary sanctions, contempt sanctions, issue sanctions ordering that designated facts be taken as established or precluding the offending party from supporting or opposing designated claims or defenses, evidence sanctions prohibiting the offending party from introducing designated matters into evidence, and terminating sanctions that include striking part or all of the pleadings, dismissing part or all of the action, or granting a default judgment against the offending party. (*Cedars-Sinai Medical Center*, supra, 18 Cal.4th at 12).

Additionally, lawyers are subject to discipline, including suspension and disbarment, for participating in the suppression or destruction of evidence. Business & Professions Code § 6106 ["The commission of any act involving moral turpitude, dishonesty or corruption ... constitutes a cause for disbarment or suspension."]; Rules Professional Conduct, Rule 5220 ["A member shall not suppress any evidence that the member or the member's client has a legal obligation to reveal or to produce."].) The purposeful destruction of evidence by a client while represented by a lawyer may raise suspicions that the lawyer participated as well. Even if these suspicions are incorrect, a prudent lawyer will wish to avoid them and the burden of

disciplinary proceedings to which they may give rise and will take affirmative steps to preserve and safeguard relevant evidence. (*Cedars-Sinai Medical Center*, supra, 18 Cal.4th at 13).

Finally, Penal Code § 135 creates criminal penalties for spoliation. "Every person who, knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation whatever, authorized by law, willfully destroys or conceals the same, with intent thereby to prevent it from being produced, is guilty of a misdemeanor." (*Cedars-Sinai Medical Center,* supra, 18 Cal.4th at 13).

Accordingly, please advise us immediately of the status of any such evidence and your intentions with respect to its preservation.

## OTHER DOCUMENTS AND ESI EVIDENCE

You are hereby given further notice to immediately take all steps necessary to prevent the destruction, loss, concealment, or alternation of any paper, document, or electronically stored information ("ESI") and other data or information generated by and/or stored on your computers and storage media (e.g. hard disks, floppy disks, backup tapes, etc.), and emails related to this incident.

You should anticipate that much of the information subject to disclosure and responsive to discovery in this action is stored on your current or former computer systems and other media and devices (including personal digital or data assistants, voice-messaging or voice-mail systems, online repositories, and cell phones).

ESI should be afforded the broadest possible definition and includes, but is not limited to, all digital communications (e.g., e-mail, voice mail, instant messaging), word processed documents (e.g. Word and WordPerfect documents and drafts), spreadsheets and tables (e.g. Excel and Lotus 123 worksheets), accounting application data (such as QuickBooks, Money, or Peachtree), image and facsimile files (including PDF, TIFF, JPG, and GIF images), sound recordings (including WAV and MP3 files), video recordings, all databases, all contact and relationship management data, calendar and diary application data, online access data (including temporary, internet files, History, and Cookies), all presentations (including PowerPoint and Corel), all network access and server activity logs, all data created with the use of any Personal Data Assistant (PDA) such as Palm Pilot, HP Jornada, Cassiopeia, or other Windows-based or Pocket PC devices, all CAD files, and all back-up and archival files.

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques to safeguard all such evidence.

Because hard copies do not preserve electronic search ability or metadata, they are not an adequate substitute for ESI. If information exists in both electronic and paper form, you should preserve them both.

## LITIGATION HOLD

You are requested to immediately initiate a litigation hold for potentially relevant ESI, documents, and tangible things, and to act diligently and in good faith to secure and audit compliance with that litigation hold. You are also requested to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view, and (if necessary) reconstruct any ESI. You should not pack, compress, purge, or dispose of any file or any part thereof.

You are further requested to immediately identify and modify or suspend features of your operations, information

systems, and devices that, in routine operations, operate to cause the loss of documents, tangible items, or ESI. Examples of such features and operations include, but are not limited to, purging the contents of e-mail repositories by age, capacity, or other criteria; using data or media wiping, disposal, erasure, or encryption utilities or devices; overwriting, erasing, destroying, or discarding back-up media; re-assigning, re-imaging or disposing of systems, servers, devices, or media; running antivirus or other programs that alter metadata; using metadata stripper utilities; and destroying documents or any ESI by age or other criteria.

**SERVERS**

With respect to servers like those used to manage electronic mail and network storage, the entire contents of each user's network share and e-mail account should be preserved and not modified.

**STORAGE**

With respect to on-line storage and/or direct access storage devices attached to your mainframe computers and/or minicomputers, in addition to the above, you are not to modify or delete any ESI, "deleted" files, and/or file fragments existing on the date of this letter's delivery that contain potentially relevant information.

With regard to all electronic media used for off-line storage, including magnetic tapes and cartridges, optical media, electronic media, and other media or combinations of media containing potentially relevant information, you are requested to stop any activity which may result in the loss of any ESI, including rotation, destruction, overwriting and erasure in whole or in part. This request is intended to cover all media used for data or information storage in connection with your computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes, and all other media, whether used with personal computers, minicomputers, mainframes or other computers, and whether containing backup and/or archival ESI.

**PERSONAL COMPUTERS**

You should take immediate steps to preserve all ESI on all personal computers used by your officers, directors and employees, including all secretaries and assistants, that in any way relate to the [subject matter of action], and the events and causes of action described in the Complaint. As to fixed devices, (1) a true and correct copy is to be made of all such ESI, including all active files and completely restored versions of all deleted electronic files and file fragments; (2) full directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed devices should be written; and (3) all such copies and listings are to be preserved until this litigation is ended. As to floppy diskettes, CDs, tapes, and other non-fixed media relating to this matter, they are to be collected and stored pending resolution of this litigation.

**PORTABLE SYSTEMS**

In addition to your immediate preservation of ESI, documents and tangible items in your business, on servers and workstations, you should also determine if any home or portable systems may contain potentially relevant data or information. To the extent that officers, board members, or employees have sent or received potentially relevant e-mails or created or reviewed potentially relevant documents away from the office, you must preserve the contents of systems, devices, and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CD-R discs, PDAs, smart phones, voice mailboxes, or other forms of ESI storage). Additionally, if any employees, officers, or directors used online or browser-based e-mail accounts or services to send or receive potentially relevant messages and attachments, the contents of these account mailboxes should be preserved.

**EVIDENCE CREATED OR ACQUIRED IN THE FUTURE**

With regard to documents, tangible things, and ESI that are created or come into your custody, possession, or control subsequent to the date of delivery of this letter, potentially relevant evidence is to be preserved. You should take all appropriate action to avoid destruction of potentially relevant evidence.

Please contact the undersigned to discuss the matter further as soon as possible.

Sincerely,

Eric Boim

Eric Boim, Esq.

LA CENTURY LAW | TX CENTURY LAW

October 17, 2024

Tort Claims Coordinator
United States Postal Service
7001 S. Central Ave., Rm 368
Los Angeles, CA 90052-9331

*Via U.S. Mail; Certified Mail; Return Receipt;*

3RD AND FINAL NOTICE!!!

**NOTICE OF REPRESENTATION**
**AND DEMAND FOR PRESERVATION DATA AND EVIDENCE**

| | | |
|---|---|---|
| Re: | Our Client: | Jorge Torres |
| | Your Driver: | Yadira Valdez-Garcia |
| | | United States Postal Service |
| | Date of Loss: | June 21, 2024 |

Dear Claims Representative:

Please be advised that this firm has been retained by the above-mentioned client in order to pursue a bodily injury and property damage claim, and therefore, pursuant to *Siciliano v. Fireman's Fund Ins. Co.*, 62 Cal. App. 3d, 745 (1976) and *Fedmart Corp. v. Pell Enterpris*es, 111 Cal. App. 3d, 215 (1980), we do maintain a lien on this matter.

Please be further advised that all payments made to any individual, or entity regarding this accident must bear our names as co-payee. This includes payments for possible property damage, loss of use of vehicle, medical reimbursement, or loss of income.

**Pursuant to California Insurance Code Section 2695.7 [Standards for Prompt Fair and Equitable Settlements Section (b)], upon receiving proof of claim, every insurer shall immediately, but in no event more than forty (40) calendar days later, accept or deny the claim in whole or in part, and affirm or deny liability.**

**Pursuant to Texas Insurance Code Section 542.056. [NOTICE OF ACCEPTANCE OR REJECTION OF CLAIM.] an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss. If the insurer rejects the claim, must state the reasons for the rejection. If the insurer is unable to accept or reject the claim within the period, the insurer, within that same period, shall notify the claimant of the reasons that the insurer needs additional time. The insurer shall accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection.**

Please provide us with **confirmation of the available coverage and limits under any applicable policies**. Please also provide us with copies of the declaration pages. Request is also made for color laser photocopies and/or digital copies of any and all photographs taken of the property damage in this collision and copy of the final repair estimates, as well as copies of any recorded statements previously obtained, including transcripts. **Please also advise us if you are willing to advance our clients'**

**costs and expenses in order to enable our client to mitigate damages.**

Please refrain from contacting our client and refer all documents and correspondences to the attention of the undersigned.

**DEMAND FOR DATA AND EVIDENCE**

We hereby formally request that you preserve *all* evidence in this case, and instruct your insured to do so also. Do not modify, alter or destroy any documents, images, recordings, or data that relates to this case. Do not permit anyone to modify, alter or destroy any such items. As the California Supreme Court has stated:

> "Destroying evidence can destroy fairness and justice, for it increases the risk of an erroneous decision on the merits of the underlying cause of action. Destroying evidence can also increase the costs of litigation as parties attempt to reconstruct the destroyed evidence or to develop other evidence, which may be less accessible, less persuasive, or both." (*Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 8.)

Please be advised that your failure to preserve the items will result in extremely unfavorable consequences to you. Indeed, be advised that we intend to seek remedies against you if you allow crucial evidence in this case to be modified, altered or destroyed. For instance, chief among these is the evidentiary inference that evidence which one party has destroyed or rendered unavailable was unfavorable to that party. *Id*. at 11; Evidence Code § 413. As presently set forth in Evidence Code § 413, this inference is as follows: "In determining what inferences to draw from the evidence or facts in the case against a party, the trier of fact may consider, among other things, the party's ... willful suppression of evidence relating thereto...."

California Civil Jury Instruction (CACI) No. 204 "Willful Suppression of Evidence" include an instruction on this inference as well, which states as follows:

> You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you **may decide that the evidence would have been unfavorable to that party**. (CACI No. 204; *see also* *Cedars-Sinai Medical Center,* supra, 18 Cal.4th at 12.

In addition to the evidentiary inference, our discovery laws provide a broad range of sanctions for conduct that amounts to a "[misuse] of the discovery process." (Civ. Proc. Code § 2023). Destroying evidence in response to a discovery request after litigation has commenced would surely be a misuse of discovery within the meaning of Civ. Proc. Code § 2023, **as would such destruction in anticipation of a discovery request.** (*Cedars-Sinai Medical Center*, supra, 18 Cal.4th at 12 (Emphasis added)). The sanctions under Civ. Proc. Code § 2023 are significant and include monetary sanctions, contempt sanctions, issue sanctions ordering that designated facts be taken as established or precluding the offending party from supporting or opposing designated claims or defenses, evidence sanctions prohibiting the offending party from introducing designated matters into evidence, and terminating sanctions that include striking part or all of the pleadings, dismissing part or all of the action, or granting a default judgment against the offending party. (*Cedars-Sinai Medical Center*, supra, 18 Cal.4th at 12).

Additionally, lawyers are subject to discipline, including suspension and disbarment, for participating in the suppression or destruction of evidence. Business & Professions Code § 6106 ["The commission of any act involving moral turpitude, dishonesty or corruption ... constitutes a cause for disbarment or suspension."]; Rules Professional Conduct, Rule 5-220 ["A member shall not suppress any evidence that the member or the member's client has a legal obligation to reveal or to produce."].) The purposeful destruction of evidence by a client while represented by a lawyer may raise suspicions that the lawyer participated as well. Even if these suspicions are incorrect, a prudent lawyer will wish to avoid them and the burden of disciplinary proceedings to which they may give rise and will take affirmative steps to preserve and safeguard relevant evidence. (*Cedars-Sinai Medical Center,* supra, 18 Cal.4th at 13).

Finally, Penal Code § 135 creates criminal penalties for spoliation. "Every person who, knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation whatever, authorized by law, willfully destroys or conceals the same, with intent thereby to prevent it from being produced, is guilty of a misdemeanor." (*Cedars-Sinai Medical Center*, supra, 18 Cal.4th at 13).

Accordingly, please advise us immediately of the status of any such evidence and your intentions with respect to its preservation.

**OTHER DOCUMENTS AND ESI EVIDENCE**

You are hereby given further notice to immediately take all steps necessary to prevent the destruction, loss, concealment, or alternation of any paper, document, or electronically stored information ("ESI") and other data or information generated by and/or stored on your computers and storage media (e.g. hard disks, floppy disks, backup tapes, etc.), and emails related to this incident.

You should anticipate that much of the information subject to disclosure and responsive to discovery in this action is stored on your current or former computer systems and other media and devices (including personal digital or data assistants, voice-messaging or voice-mail systems, online repositories, and cell phones).

ESI should be afforded the broadest possible definition and includes, but is not limited to, all digital communications (e.g., e-mail, voice mail, instant messaging), word processed documents (e.g. Word and WordPerfect documents and drafts), spreadsheets and tables (e.g. Excel and Lotus 123 worksheets), accounting application data (such as QuickBooks, Money, or Peachtree), image and facsimile files (including PDF, TIFF, JPG, and GIF images), sound recordings (including WAV and MP3 files), video recordings, all databases, all contact and relationship management data, calendar and diary application data, online access data (including temporary, internet files, History, and Cookies), all presentations (including PowerPoint and Corel), all network access and server activity logs, all data created with the use of any Personal Data Assistant (PDA) such as Palm Pilot, HP Jornada, Cassiopeia, or other Windows-based or Pocket PC devices, all CAD files, and all back-up and archival files.

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques to safeguard all such evidence.

Because hard copies do not preserve electronic search ability or metadata, they are not an adequate substitute for ESI. If information exists in both electronic and paper form, you should preserve them both.

**LITIGATION HOLD**

You are requested to immediately initiate a litigation hold for potentially relevant ESI, documents, and tangible things, and to act diligently and in good faith to secure and audit compliance with that litigation hold. You are also requested to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view, and (if necessary) reconstruct any ESI. You should not pack, compress, purge, or dispose of any file or any part thereof.

You are further requested to immediately identify and modify or suspend features of your operations, information systems, and devices that, in routine operations, operate to cause the loss of documents, tangible items, or ESI. Examples of such features and operations include, but are not limited to, purging the contents of e-mail repositories by age, capacity, or other criteria; using data or media wiping, disposal, erasure, or encryption utilities or devices; overwriting, erasing, destroying, or discarding back-up media; re-assigning, re-imaging or disposing of systems, servers, devices, or media; running antivirus or other programs that alter metadata; using metadata stripper utilities; and destroying documents or any ESI by age or other criteria.

**SERVERS**

With respect to servers like those used to manage electronic mail and network storage, the entire contents of each user's network share and e-mail account should be preserved and not modified.

**STORAGE**

With respect to on-line storage and/or direct access storage devices attached to your mainframe computers and/or minicomputers, in addition to the above, you are not to modify or delete any ESI, "deleted" files, and/or file fragments existing on the date of this letter's delivery that contain potentially relevant information.

With regard to all electronic media used for off-line storage, including magnetic tapes and cartridges, optical media, electronic media, and other media or combinations of media containing potentially relevant information, you are requested to stop any activity which may result in the loss of any ESI, including rotation, destruction, overwriting and erasure in whole or in part. This request is intended to cover all media used for data or information storage in connection with your computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes, and all other media, whether used with personal computers, minicomputers, mainframes or other computers, and whether containing backup and/or archival ESI.

**PERSONAL COMPUTERS**

You should take immediate steps to preserve all ESI on all personal computers used by your officers, directors and employees, including all secretaries and assistants, that in any way relate to the [subject matter of action], and the events and causes of action described in the Complaint. As to fixed devices, (1) a true and correct copy is to be made of all such ESI, including all active files and completely restored versions of all deleted electronic files and file fragments; (2) full directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed devices should be written; and (3) all such copies and listings are to be preserved until this litigation is ended. As to floppy diskettes, CDs, tapes, and other non-fixed media relating to this matter, they are to be collected and stored pending resolution of this litigation.

**PORTABLE SYSTEMS**

In addition to your immediate preservation of ESI, documents and tangible items in your business, on servers and workstations, you should also determine if any home or portable systems may contain potentially relevant data or information. To the extent that officers, board members, or employees have sent or received potentially relevant e-mails or created or reviewed potentially relevant documents away from the office, you must preserve the contents of systems, devices, and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CD-R discs, PDAs, smart phones, voice mailboxes, or other forms of ESI storage). Additionally, if any employees, officers, or directors used online or browser-based e-mail accounts or services to send or receive potentially relevant messages and attachments, the contents of these account mailboxes should be preserved.

**EVIDENCE CREATED OR ACQUIRED IN THE FUTURE**

With regard to documents, tangible things, and ESI that are created or come into your custody, possession, or control subsequent to the date of delivery of this letter, potentially relevant evidence is to be preserved. You should take all appropriate action to avoid destruction of potentially relevant evidence.

Please contact the undersigned to discuss the matter further as soon as possible.

Sincerely,

Eric Boim

Eric Boim, Esq.

# EXHIBIT B
# (USPS Acknowledgment of Claim)

LAW DEPARTMENT
NATIONAL TORT CENTER

UNITED STATES POSTAL SERVICE

July 30, 2025

Mr. Ryan Daneshrad
LA Century Law
1880 Century Park East, Suite 1101
Los Angeles, CA 90067

| | | |
|---|---|---|
| Re: | Claimant: | Jorge Torres |
| | Date of Incident: | June 21, 2024 |
| | NTC File No.: | NT202545019 |

Dear Mr. Daneshrad:

Please be advised that the above-referenced matter which was presented on behalf of Jorge Torres with the United States Postal Service on July 7, 2025 has been assigned to the National Tort Center.

Please be advised that pursuant to the Federal Tort Claims Act (28 U.S.C. §1346), the Postal Service has six (6) months after receipt of a valid claim in which to complete its adjudication. Federal law mandates that "an action shall not be instituted" unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months. 28 U.S.C. §2675(a). Accordingly, once a valid claim is received by the Postal Service, the time to file litigation does not begin until such time as a written denial is issued by the Postal Service or alternatively, a claimant may file, but is not required to file litigation, no sooner than six months from the date of presentment. State statutes of limitations do not apply to FTCA matters.

As set forth in the instruction section of the SF-95, a claimant is required to provide documentation to support his/her claim. Based upon an initial review of your submission, please provide the following at your earliest opportunity:

☐Nothing additional needed currently
☒Property damage supports
☒Proof of ownership
☒Salvage statement
☐Declaration page from auto insurance policy
☒Medical records
☒Itemized medical bills
☐No fault/PIP payment log

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

☒Lien documentation
☒Ambulance report
☐Wage loss supports
☒Police report
☐Original signature on SF95
☐Birth certificate/proof of guardianship/proof of conservatorship
☐Documentation signed by Claimant authorizing representation on this matter
☒Other: Enclosures listed were not enclosed

Any additional information and/or documentation supporting this matter should be provided to me directly, preferably via email in PDF format for most efficient transmittal and handling. My email address is set forth below. **Please note that the Department of Justice regulations and the Postal Service regulations regarding the presentment of tort claims (SF95 or equivalent) do not provide for the presentment of electronic tort claims or electronic amended tort claims. Accordingly, the email address below may only be used for submission of supporting documentation and/or communication regarding tort claims, and *never* for submission of tort claims or amended tort claims which must be presented as set forth in the regulations. *See* 28 CFR Part 14; 39 CFR Part 912.** Also please note that the Postal Service does not allow us to access drop boxes or other such electronic formats to obtain documentation; accordingly, to provide documentation in electronic format, you must email it directly to me in PDF format. Alternatively, if necessary, you may provide supporting documentation via mail to my attention to the National Tort Center, United States Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948. However, mailing the documentation may cause delays in the adjudication of this matter due to additional processing time necessitated by paper documents. In sum, a tort claim must be submitted in accordance with the requirements set forth in 39 C.F.R. Part 912.4 whereas supporting documentation *should* be transmitted via email when possible.

Please note: The United States Postal Service is not insured with any automobile insurance carrier, does not carry uninsured or underinsured motorist coverage and is not a self-insured entity. To the extent that the United States Postal Service is found liable for damages under the provisions of the Federal Tort Claims Act ("FTCA"), payment of any judgment is made from its general fund.

Be assured that the Postal Service works diligently to adjudicate all claims within the six-month period; however, it is possible that it might take a bit longer for us to be able to complete a thorough evaluation and consideration of your submission. You may contact the National Tort Center at any time to obtain a status. Furthermore, if you have not heard from the National Tort Center prior to expiration of the six-month adjudication period, please do contact me for a status update prior to filing litigation.

Sincerely,

Meenakshi Ahuja
Tort Claims Examiner/Adjudicator
Tel: 720/221-5135
E-Mail: meenakshi.ahuja@usps.gov

/tw

cc: Justin Headrick
Tort Claims/Collections Specialist
File No. 24-00605711A

TORT PROGRAM AND ADJUDICATION
CALIFORNIA 4 DISTRICT

UNITED STATES
POSTAL SERVICE

September 15, 2025

Eric Boim
LA Century Law
1880 Century Park East, Ste. 1101
Los Angeles, CA 90067

| | | |
|---|---|---|
| Re: | Claimant: | Jorge Alberto Torres III |
| | USPS File #: | 926-24-00605711A |
| | Incident Date: | 06-21-2024 |

Dear Eric Boim:

This is to advise you that your correspondence submitted along with the associated Postal Service file are being forwarded to the National Tort Center for review and adjudication. All future correspondence and communications should be directed to the NTC as follows:

USPS, National Tort Center
1720 Market Street, Room 2400
St. Louis, MO 63155-9948
314/345-5820

This matter will be adjudicated at the National Tort Center as soon as possible; however, please be advised that pursuant to the Federal Tort Claims Act (28 U.S.C. §1346), the Postal Service has six (6) months from 07-07-2025 in which to complete its adjudication. Federal law mandates that "an action shall not be instituted" unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months. See 28 U.S.C. §2675(a). Accordingly, once a valid claim is received by the Postal Service, the time period to file litigation does not begin until such time as a written denial is issued by the Postal Service or alternatively, Claimant may file, but is not required to file litigation, no sooner than six months from the date of presentment. State statute of limitations do not apply to FTCA matters.

Be assured that the Postal Service works diligently to adjudicate all claims within the six month time period; however, it is possible that it might take a bit longer for us to be able to complete a thorough evaluation and consideration of this claim. You may contact the National Tort Center to obtain a status on this claim.

Sincerely,

1720 MARKET ST., ROOM 2400
ST. LOUIS, MO 63155-9948
PHONE: 714-662-6431
FAX: 650-357-6301

TORT PROGRAM AND ADJUDICATION
CALIFORNIA 4 DISTRICT

Justin H Headrick

Justin Headrick
Tort Claims/Collections Specialist

1720 MARKET ST., ROOM 2400
ST. LOUIS, MO 63155-9948
PHONE: 714-662-6431
FAX: 650-357-6301

# EXHIBIT C
# (California Highway Patrol Traffic Collision Report No. 24-054293, dated June 21, 2024)

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

# TRAFFIC COLLISION REPORT

CHP 555 Page 1 (Rev. 4-11) OPI 060

FOR OFFICIAL USE ONLY
Unauthorized use of this information is in violation Of Penal Code Section13302-13305 and may Subject violations of misdemeanor charges
RELEASED TO: LA CENTURY LAW
BY: TG DATE: 8/13/24



| SPECIAL CONDITIONS | NUMBER INJURED | HIT & RUN FELONY | CITY | JUDICIAL DISTRICT | LOCAL REPORT NUMBER |
|---|---|---|---|---|---|
| | 2 | ☐ | Pomona | Pomona | 24-054293 |
| | **NUMBER KILLED** | **HIT & RUN MISD.** | **COUNTY** | **REPORTING DISTRICT / BEAT** | **DAY OF WEEK / TOW AWAY** |
| | 0 | ☐ | Los Angeles | 16 / 3 | Friday / ☐ |

## LOCATION

| | |
|---|---|
| COLLISION OCCURRED ON | INDIAN HILL BLVD |
| MO. DAY YEAR | 06/21/2024 |
| TIME (2400) | 0952 |
| NCIC # | 1955 |
| OFFICER I.D. | 43128 |
| MILEPOST INFORMATION | FEET OF |
| GPS COORDINATES | LATITUDE 34.070947 LONGITUDE -117.719252 |
| PHOTOGRAPHS BY | ☒ NONE |
| ☒ AT INTERSECTION WITH / ☐ OR FEET OF | LINCOLN AVE |
| STATE HWY REL | ☐ |

## PARTY 1 — ☒ DRIVER ☐ PEDESTRIAN ☐ PARKED VEHICLE ☐ BICYCLIST ☐ OTHER

| | |
|---|---|
| DRIVER'S LICENSE NUMBER | F7743411 |
| STATE | CA |
| CLASS | C |
| AIR BAG | M |
| SAFETY EQUIP. | G |
| NAME (FIRST, MIDDLE, LAST) | YADIRA VALADEZ-GARCIA |
| STREET ADDRESS | 580 W MONTEREY AVE |
| CITY / STATE / ZIP | POMONA / CA / 91769 |
| SEX | F |
| HAIR | BRO |
| EYES | BRO |
| HEIGHT | 506 |
| WEIGHT | 125 |
| BIRTH DATE | 09/04/1996 |
| RACE | H |
| HOME PHONE | (909) 539-7282 |
| BUSINESS PHONE | |
| INSURANCE CARRIER | SELF INSURED |
| POLICY NUMBER | |
| DIR OF TRAVEL | WEST |
| ON STREET OR HIGHWAY | LINCOLN AVE |
| SPEED LIMIT | 35 |
| VEH. YEAR | 1994 |
| MAKE / MODEL / COLOR | GRUMMAN LLV WHITE |
| LICENSE NUMBER | 4312636 |
| STATE | |
| OWNER'S NAME | ☒ SAME AS DRIVER — UNITED STATES POSTAL SERVICE |
| OWNER'S ADDRESS | ☒ SAME AS DRIVER — 580 W MONTEREY AVE POMONA, CA 91769 |
| DISPOSITION OF VEHICLE ON ORDERS OF | ☐ OFFICER ☒ DRIVER ☐ OTHER — PRIVATE TOW |
| PRIOR MECHANICAL DEFECTS | ☒ NONE APPARENT ☐ REFER TO NARRATIVE |
| VEHICLE IDENTIFICATION NUMBER | |
| VEHICLE TYPE | 11 |
| DESCRIBE VEHICLE DAMAGE | ☐ UNK. ☐ NONE ☐ MINOR ☒ MOD. ☐ MAJOR ☐ ROLL-OVER |
| CA / DOT / CAL-T / TCP/PSC / MC/MX | |

SHADE IN DAMAGE AREA



## PARTY 2 — ☒ DRIVER ☐ PEDESTRIAN ☐ PARKED VEHICLE ☐ BICYCLIST ☐ OTHER

| | |
|---|---|
| DRIVER'S LICENSE NUMBER | F5729292 |
| STATE | CA |
| CLASS | C |
| AIR BAG | L |
| SAFETY EQUIP. | G |
| NAME (FIRST, MIDDLE, LAST) | JORGE ALBERTO III TORRES |
| STREET ADDRESS | 1566 ELYSIAN AVE |
| CITY / STATE / ZIP | POMONA / CA / 91767 |
| SEX | M |
| HAIR | BLK |
| EYES | BRO |
| HEIGHT | 602 |
| WEIGHT | 147 |
| BIRTH DATE | 03/04/1995 |
| RACE | H |
| HOME PHONE | (909) 992-6219 |
| BUSINESS PHONE | ( ) - |
| INSURANCE CARRIER | STATE FARM |
| POLICY NUMBER | 694 3607-A12-75 |
| DIR OF TRAVEL | SOUTH |
| ON STREET OR HIGHWAY | INDIAN HILL BLVD |
| SPEED LIMIT | 40 |
| VEH. YEAR | 2008 |
| MAKE / MODEL / COLOR | TOYOTA RAV4 DARK GREEN |
| LICENSE NUMBER | 9BEN833 |
| STATE | CA |
| OWNER'S NAME | ☐ SAME AS DRIVER — ROSIE MARIA AGUIRRE |
| OWNER'S ADDRE | ☒ SAME AS DRIVER — 1566 ELYSIAN AVE POMONA, CA 91767 |
| DISPOSITION OF VEHICLE ON ORDERS OF | ☐ OFFICER ☒ DRIVER ☐ OTHER — LEFT AT SCENE |
| PRIOR MECHANICAL DEFECTS | ☒ NONE APPARENT ☐ REFER TO NARRATIVE |
| VEHICLE IDENTIFICATION NUMBER | JTMZD32V186054700 |
| VEHICLE TYPE | 07 |
| DESCRIBE VEHICLE DAMAGE | ☐ UNK. ☐ NONE ☐ MINOR ☒ MOD. ☐ MAJOR ☐ ROLL-OVER |
| CA / DOT / CAL-T / TCP/PSC / MC/MX | |

SHADE IN DAMAGE AREA



## PARTY 3 — ☐ DRIVER ☐ PEDESTRIAN ☐ PARKED VEHICLE ☐ BICYCLIST ☐ OTHER

| | |
|---|---|
| DRIVER'S LICENSE NUMBER | |
| STATE | |
| CLASS | |
| AIR BAG | |
| SAFETY EQUIP. | |
| NAME (FIRST, MIDDLE, LAST) | |
| STREET ADDRESS | |
| CITY / STATE / ZIP | / / |
| SEX / HAIR / EYES / HEIGHT / WEIGHT / BIRTH DATE / RACE | |
| HOME PHONE | |
| BUSINESS PHONE | |
| INSURANCE CARRIER | |
| POLICY NUMBER | |
| DIR OF TRAVEL | |
| ON STREET OR HIGHWAY | |
| SPEED LIMIT | |
| VEH. YEAR / MAKE / MODEL / COLOR / LICENSE NUMBER / STATE | |
| OWNER'S NAME | ☐ SAME AS DRIVER |
| OWNER'S ADDRE | ☐ SAME AS DRIVER |
| DISPOSITION OF VEHICLE ON ORDERS OF | ☐ OFFICER ☐ DRIVER ☐ OTHER |
| PRIOR MECHANICAL DEFECTS | ☐ NONE APPARENT ☐ REFER TO NARRATIVE |
| VEHICLE IDENTIFICATION NUMBER | |
| VEHICLE TYPE | |
| DESCRIBE VEHICLE DAMAGE | ☐ UNK. ☐ NONE ☐ MINOR ☐ MOD. ☐ MAJOR ☐ ROLL-OVER |
| CA / DOT / CAL-T / TCP/PSC / MC/MX | |

SHADE IN DAMAGE AREA



| PREPARER'S NAME | DISPATCH NOTIFIED | REVIEWER'S NAME | DATE REVIEWED |
|---|---|---|---|
| Lindley, Sarah 43128 | ☐ Yes ☐ No ☒ N/A | De La Vega, Thomas 41179 | 06/24/2024 |

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

# TRAFFIC COLLISION CODING

CHP 555 Page 2 (Rev. 4-11) OPI 060



| DATE OF COLLISION (MO. DAY. YEAR) | TIME (2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 06/21/2024 | 0952 | 1955 | 43128 | 24-054293 |

| PROPERTY DAMAGE | OWNER'S NAME | OWNER'S ADDRESS | NOTIFIED ☐ YES ☐ NO |
|---|---|---|---|
| | DESCRIPTION OF DAMAGE | | |

## SEATING POSITION

1 2 3 / 4 5 6 / 7

- 1 - DRIVER
- 2 TO 6 - PASSENGERS
- 7 - STATION WAGON REA
- 8 - REAR OCC. TRK OR VA
- 9 - POSITION UNKNOWN
- 0 - OTHER

## SAFETY EQUIPMENT

**OCCUPANTS**
- A - NONE IN VEHICLE
- B - UNKNOWN
- C - LAP BELT USED
- D - LAP BELT NOT USED
- E - SHOULDER HARNESS USED
- F - SHOULDER HARNESS NOT USE
- G - LAP/SHOULDER HARNESS USE
- H - LAP/SHOULDER HARNESS NOT USE
- J - PASSIVE RESTRAINT USED
- K - PASSIVE RESTRAINT NOY USE
- P - NOT REQUIRED

**CHILD RESTRAINT**
- Q - IN VEHICLE USED
- R - IN VEHICLE NOT USED
- S - IN VEHICLE USE UNKNOW
- T - IN VEHICLE IMPROPER US
- U - NONE IN VEHICLE

**M / C BICYCLE HELMET**
- DRIVER: V - NO, W - YES
- PASSENGER: X - NO, Y - YES

## AIR BAG
- B - UNKNOWN
- L - AIR BAG DEPLOYED
- M - AIR BAG NOT DEPLOYED
- N - OTHER
- P - NOT REQUIRED

## EJECTED FROM VEHICL
- 0 - NOT EJECTED
- 1 - FULLY EJECTED
- 2 - PARTIALLY EJECTED
- 3 - UNKNOWN

## INATTENTION CODES
- A - CELLPHONE HANDHELD
- B - CELLPHONE HANDSFREE
- C - ELECTRONIC EQUIPMENT
- D - RADIO / CD
- E - SMOKING
- F - EATING
- G - CHILDREN
- H - ANIMALS
- I - PERSONAL HYGIENE
- J - READING
- K - OTHER

**ITEMS MARKED BELOW FOLLOWED BY AN ASTERISK (*) SHOULD BE EXPLAINED IN THE NARRATIVE**

## PRIMARY COLLISION FACTOR LIST NUMBER (#) OF PARTY AT FAULT
- 1 A VC SECTION VIOLATED: 21801(a) Cited NO
- B OTHER IMPROPER DRIVING:*
- C OTHER THAN DRIVER*
- D UNKNOWN*

## WEATHER (MARK 1 TO 2 ITEMS)
- X A CLEAR
- B CLOUDY
- C RAINING
- D SNOWING
- E FOG / VISIBILITY .FT
- F OTHER*:
- G WIND

## LIGHTING
- X A DAYLIGHT
- B DUSK - DAWN
- C DARK - STREET LIGHTS
- D DARK - NO STREET LIGHTS
- E DARK - STREET LIGHTS NOT FUNCTIONING*

## ROADWAY SURFACE
- X A DRY
- B WET
- C SNOWY - ICY
- D SLIPPERY (MUDDY, OILY, ETC.)

## ROADWAY CONDITIONS (MARK 1 TO 2 ITEMS)
- A HOLES, DEEP RUTS
- B LOOSE MATERIAL ON ROADWAY*
- C OBSTRUCTION ON ROADWAY*
- D CONSTRUCTION-REPAIR ZONE
- E REDUCED ROADWAY WIDTH
- F FLOODED*
- G OTHER:*
- X H NO UNUSUAL CONDITIONS

## TRAFFIC CONTROL DEVICES
- X A CONTROLS FUNCTIONING
- B CONTROLS NOT FUNCTIONING*
- C CONTROLS OBSCURED
- D NO CONTROLS PRESENT/FACTOR*

## TYPE OF COLLISION
- X A HEAD - ON
- B SIDESWIPE
- C REAR END
- D BROADSIDE
- E HIT OBJECT
- F OVERTURNED
- G VEHICLE PEDESTRIAN
- H OTHER*:

## MOTOR VEHICLE INVOLVED WITH
- A NON - COLLISION
- B PEDESTRIAN
- C OTHER MOTOR VEHICLE
- X D MOTOR VEHICLE ON OTHER ROADWAY
- E PARKED MOTOR VEHICLE
- F TRAIN
- G BICYCLE
- H ANIMAL:
- I FIXED OBJECT :
- J OTHER OBJECT:

## PEDESTRIAN'S ACTIONS
- X A NO PEDESTRIANS INVOLVED
- B CROSSING IN CROSSWALK AT INTERSECTION
- C CROSSING IN CROSSWALK - NOT AT INTERSECTION
- D CROSSING - NOT IN CROSSWALK
- E IN ROAD - INCLUDES SHOULDER
- F NOT IN ROAD
- G APPROACHING / LEAVING SCHOOL BUS

## SPECIAL INFORMATION (Party 1 / 2 / 3)
- A HAZARDOUS MATERIAL
- B CELL PHONE HANDHELD IN USE
- C CELL PHONE HANDSFREE IN USE
- D CELL PHONE NOT IN USE — 1: X, 2: X
- E SCHOOL BUS RELATED
- F 75 FT MOTORTRUCK COMBO
- G 32 FT TRAILER COMBO

## OTHER ASSOCIATED FACTOR(S) (MARK 1 TO 2 ITEMS) (Party 1 / 2 / 3)
- A VC SECTION VIOLATION CITED ☐
- B VC SECTION VIOLATION CITED ☐
- C VC SECTION VIOLATION CITED ☐
- E VISION OBSCUREMENT
- F INATTENTION*:
- G STOP & GO TRAFFIC
- H ENTERING / LEAVING RAMP
- I PREVIOUS COLLISION
- J UNFAMILIAR WITH ROAD
- K DEFECTIVE VEH. EQUIP. CITED ☐
- L UNINVOLVED VEHICLE
- M OTHER*:
- N NONE APPARENT — 1: X, 2: X
- O RUNAWAY VEHICLE

## MOVEMENT PRECEDING COLLISION (Party 1 / 2 / 3)
- A STOPPED
- B PROCEEDING STRAIGHT — 2: X
- C RAN OFF ROAD
- D MAKING RIGHT TURN
- E MAKING LEFT TURN — 1: X
- F MAKING U TURN
- G BACKING
- H SLOWING / STOPPING
- I PASSING OTHER VEHICLE
- J CHANGING LANES
- K PARKING MANEUVER
- L ENTERING TRAFFIC
- M OTHER UNSAFE TURNING
- N XING INTO OPPOSING LANE
- O PARKED
- P MERGING
- Q TRAVELING WRONG WAY
- R OTHER*:

## SOBRIETY - DRUG PHYSICAL (Party 1 / 2 / 3)
- A HAD NOT BEEN DRINKING — 1: X, 2: X
- B HBD - UNDER INFLUENCE
- C HBD - NOT UNDER INFLUENCE.*
- D HBD. -IMPAIRMENT UNKNOWN.*
- E UNDER DRUG INFLUENCE*
- F IMPAIRMENT - PHYSICAL*
- G IMPAIRMENT NOT KNOWN
- H NOT APPLICABLE
- I SLEEPY / FATIGUED*

☒ "See Attached Sketch"

☐ "See Attached factual diagram"

Miscellaneous

DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

**INJURED / WITNESS / PASSENGER**

CHP 555 Page 3 (Rev. 4-11) OPI 060



| DATE OF COLLISION (MO. DAY. YEAR) | TIME (2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 06/21/2024 | 0952 | 1955 | 43128 | 24-054293 |

| WITNESS ONLY | PASSENGER ONLY | AGE | SEX | EXTENT OF INJURY ("X" ONE): FATAL INJURY | SEVERE INJURY | OTHER VISIBLE INJURY | COMPLAINT OF PAIN | INJURED WAS ("X" ONE): DRIVER | PASS | PED. | BICYCLIST | OTHER | PARTY NUMBER | SEAT POS. | AIR BAG | SAFETY EQUIP. | EJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | 27 | F | ☐ | ☐ | ☐ | ☒ | ☒ | ☐ | ☐ | ☐ | ☐ | 1 | 1 | M | G | 0 |

NAME / D.O.B. / ADDRESS: YADIRA VALADEZ-GARCIA / 09/04/1996 / 580 W MONTEREY AVE POMONA CA 91769 USA

Telephone: (909) 539-7282

(INJURED ONLY) TRANSPORTED BY: | EMS RUN NUMBER: | TAKEN TO:

DESCRIBE INJURIES

COMPLAINT OF PAIN TO THE CHEST AND LEFT KNEE. DECLINED TO GO TO THE HOSPITAL.

| WITNESS ONLY | PASSENGER ONLY | AGE | SEX | FATAL INJURY | SEVERE INJURY | OTHER VISIBLE INJURY | COMPLAINT OF PAIN | DRIVER | PASS | PED. | BICYCLIST | OTHER | PARTY NUMBER | SEAT POS. | AIR BAG | SAFETY EQUIP. | EJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | 29 | M | ☐ | ☐ | ☐ | ☒ | ☒ | ☐ | ☐ | ☐ | ☐ | 2 | 1 | L | G | 0 |

NAME / D.O.B. / ADDRESS: JORGE ALBERTO III TORRES / 03/04/1995 / 1566 ELYSIAN AVE POMONA CA 91767 USA

Telephone: (909) 992-6219

(INJURED ONLY) TRANSPORTED BY: | EMS RUN NUMBER: | TAKEN TO:

DESCRIBE INJURIES

COMPLAINT OF PAIN TO THE CHEST. DECLINED TO GO TO THE HOSPITAL.

| WITNESS ONLY | PASSENGER ONLY | AGE | SEX | FATAL INJURY | SEVERE INJURY | OTHER VISIBLE INJURY | COMPLAINT OF PAIN | DRIVER | PASS | PED. | BICYCLIST | OTHER | PARTY NUMBER | SEAT POS. | AIR BAG | SAFETY EQUIP. | EJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | |

NAME / D.O.B. / ADDRESS: / /

Telephone

(INJURED ONLY) TRANSPORTED BY: | EMS RUN NUMBER: | TAKEN TO:

DESCRIBE INJURIES

| WITNESS ONLY | PASSENGER ONLY | AGE | SEX | FATAL INJURY | SEVERE INJURY | OTHER VISIBLE INJURY | COMPLAINT OF PAIN | DRIVER | PASS | PED. | BICYCLIST | OTHER | PARTY NUMBER | SEAT POS. | AIR BAG | SAFETY EQUIP. | EJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | |

NAME / D.O.B. / ADDRESS: / /

Telephone

(INJURED ONLY) TRANSPORTED BY: | EMS RUN NUMBER: | TAKEN TO:

DESCRIBE INJURIES

| WITNESS ONLY | PASSENGER ONLY | AGE | SEX | FATAL INJURY | SEVERE INJURY | OTHER VISIBLE INJURY | COMPLAINT OF PAIN | DRIVER | PASS | PED. | BICYCLIST | OTHER | PARTY NUMBER | SEAT POS. | AIR BAG | SAFETY EQUIP. | EJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | |

NAME / D.O.B. / ADDRESS: / /

Telephone

(INJURED ONLY) TRANSPORTED BY: | EMS RUN NUMBER: | TAKEN TO:

DESCRIBE INJURIES

| WITNESS ONLY | PASSENGER ONLY | AGE | SEX | FATAL INJURY | SEVERE INJURY | OTHER VISIBLE INJURY | COMPLAINT OF PAIN | DRIVER | PASS | PED. | BICYCLIST | OTHER | PARTY NUMBER | SEAT POS. | AIR BAG | SAFETY EQUIP. | EJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | |

NAME / D.O.B. / ADDRESS: / /

Telephone

(INJURED ONLY) TRANSPORTED BY: | EMS RUN NUMBER: | TAKEN TO:

DESCRIBE INJURIES

| PREPARED BY | ID NUMBER | MO DAY YEAR | REVIEWERS NAME | MO DAY YEAR |
|---|---|---|---|---|
| Lindley, Sarah 43128 | 43128 | 06/21/2024 | De La Vega, Thomas 41179 | 06/24/2024 |

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
**SKETCH**
CHP 555 Page 4 (Rev. 4-11) OPI 060



| DATE OF COLLISION (MO. DAY. YEAR) | TIME (2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 06/21/2024 | 0952 | 1955 | 43128 | 24-054293 |

ALL MEASUREMENTS ARE APPROXIMATE AND NOT TO SCALE UNLESS STATED




| PREPARED BY | ID NUMBER | MO DAY YEAR | REVIEWERS NAME | MO DAY YEAR |
|---|---|---|---|---|
| Lindley, Sarah 43128 | 43128 | 06/21/2024 | De La Vega, Thomas 41179 | 06/24/2024 |

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
**NARRATIVE/SUPPLEMENTAL**
CHP 556 Page 4 (Rev. 4-11) OPI 060



| DATE OF COLLISION (MO. DAY. YEAR) | TIME (2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 06/21/2024 | 0952 | 1955 | 43128 | 24-054293 |

**NOTIFICATION:**

On 6-21-2024, at approximately 1304 hours, I was dispatched to a traffic collision with non injuries at the intersection of Indian Hill Blvd and Lincoln Ave. I responded from Mission Blvd and Park Ave and arrived at approximately 1312 hours. All times, speeds and measurements are approximate. Measurements were obtained by Google satellite imaging.

**STATEMENTS:**

P-1 (VALADEZ-GARCIA) stated she was on Indian Hill Blvd facing north in the lefthand turn lane. According to her, she was preparing to turn west onto Lincoln Ave. She said that she saw a truck in the opposing traffic begin to slow down. She advised the traffic signal had turned yellow when she saw the truck stop. She stated she began to make her turn driving at approximately 15 MPH after seeing the truck come to a stop. She stated she felt the collision as the front of her vehicle collided with the front end of P-2's (TORRES) vehicle.

P-2 (TORRES) stated he was driving south in the number two lane on Indian Hill Blvd. He advised he was driving at approximately 20 MPH. He stated that the traffic signal was green. He said the vehicle in front of him was intending to turn west onto Lincoln Blvd yet had stopped at the green traffic light. P-2 stated he merged into the number one lane to drive around the stopped vehicle. He said he saw P-1 (VALADEZ-GARCIA) begin to turn in his path. The front end of P-1's vehicle collided with the front end of P-2's vehicle.

**SUMMARY:**

P-1 (VALADEZ-GARICA) was facing north on Indian Hill Blvd in the turn lane waiting to turn west onto Lincoln Ave. P-2 (TORRES) was driving south on Indian Hill Blvd in the number two lane at approximately 20 MPH. A vehicle in front of him stopped at the intersection intending to turn west onto Lincoln Ave. P-2 merged into the number one lane to drive around the vehicle and entered the intersection at the moment P-1 began to turn west onto Lincoln Ave. The front end of P-1's vehicle collided into the front end of P-2's vehicle.

**AREA OF IMPACT:**

| PREPARED BY | ID NUMBER | MO DAY YEAR | REVIEWERS NAME | MO DAY YEAR |
|---|---|---|---|---|
| Lindley, Sarah 43128 | 43128 | 06/21/2024 | De La Vega, Thomas 41179 | 06/24/2024 |

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
**NARRATIVE/SUPPLEMENTAL**
CHP 556 Page 4 (Rev. 4-11) OPI 060



| DATE OF COLLISION (MO. DAY. YEAR) | TIME (2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 06/21/2024 | 0952 | 1955 | 43128 | 24-054293 |

I established the area of impact by statements provided by the involved parties and damage sustained to the vehicle involved.

Area of Impact (P-1 v P-2):

13' south of the NCL of Lincoln Ave
19' east of the WCL of Indian Hill Blvd

**CAUSE:**

P-1 (VALADEZ-GARCIA) caused the collision in violation of 21801 (a) CVC - yield to opposing traffic when turning left.

**CITATIONS:**

None.

| PREPARED BY | ID NUMBER | MO DAY YEAR | REVIEWERS NAME | MO DAY YEAR |
|---|---|---|---|---|
| Lindley, Sarah 43128 | 43128 | 06/21/2024 | De La Vega, Thomas 41179 | 06/24/2024 |